Xhavin Sinha (SBN 309340)
SINHA LAW
2445 Augustine Drive, Suite 150
Santa Clara, CA 95054
Telephone: (408) 791-0432
Email: xsinha@sinha-law.com

Craig A. Brandt (SBN 133905)
LAW OFFICE OF CRAIG A. BRANDT
5354 James Avenue
Oakland, CA 94618
Telephone: (510) 601-1309
Email: craigabrandt@att.net

Attorneys for Plaintiff
EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, a California limited liability company,

Plaintiff,

vs.

WESTERN COLLOID PRODUCTS, INC., a suspended California corporation, et. al.,

Defendants.

Case No.: 4:19-CV-03995 DMR

**STIPULATION TO DISMISS; [~~PROPOSED~~] ORDER**

Honorable Donna M. Ryu

Plaintiff EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC ("Plaintiff") and Defendants WESTERN COLLOID PRODUCTS INC., WESTERN COLLOID N.C., INC., GARY SCHOLTEN, DALE SCHOLTEN, and JUSTIN McDANIELS ("Defendants"), by and through their attorneys of record, hereby enter into this Stipulation to Dismiss Plaintiff's Complaint and all claims against Defendants with prejudice.

WHEREAS, Plaintiff and Defendants (the "Parties") have entered into a settlement agreement that achieves a full and final settlement of all Plaintiff's claims against Defendants as set forth in the Complaint filed in this matter on July 11, 2019 (Docket No. 1).

WHEREAS, on March 10, 2020 the Parties filed a Notice of Settlement and Joint Status Report (Docket No. 38), notifying the Court that the Parties had reached a full settlement to resolve all outstanding issues in this action ("Settlement Agreement"), a fully executed copy of which is attached hereto as **Exhibit A.**

WHEREAS, on February 25, 2020, Plaintiff served a copy of the Settlement Agreement on the Department of Justice ("DOJ") for a mandatory 45-day review period under 33 U.S.C. § 1365(c)(3) and 40 C.F.R. § 135.5.  All interested parties agree that the expiration date of the 45-day review period is April 10, 2020.

WHEREAS, the Parties' Notice of Settlement specified that upon the expiration of the DOJ's review period, if there is no objection lodged by the DOJ, the Settling Parties will stipulate to and request an order from this Court (1) dismissing with prejudice Plaintiff's claims as to Defendants, and (2) concurrently retaining jurisdiction over this matter for purposes of dispute resolution and enforcement of the Settlement Agreement.

WHEREAS, the statutory agency review period has expired without any objection being lodged by the DOJ.

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the Parties that Plaintiff's Complaint and all claims against Defendants shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

The Parties respectfully request an order from this Court dismissing such claims with prejudice, with each side to bear their own attorney fees and costs, except as provided for by the terms of the attached Settlement Agreement.  The Parties further request that this Court retain jurisdiction over the Parties with respect to disputes arising under the terms of the attached Settlement Agreement.

IT IS SO STIPULATED AND AGREED.

DATED: April 13, 2020

SINHA LAW

By: */s/ Xhavin Sinha*________________

XHAVIN SINHA
Attorney for Plaintiff

DATED: April 13, 2020

BREMER WHYTE BROWN & O'MEARA, LLP

By:_*/s/ Alex Giannetto*________________

ALEX M. GIANNETTO
Attorney for Defendants

** Pursuant to Local Rule 5-1(i)(3), filing counsel attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

**~~[PROPOSED]~~ ORDER**

Good cause appearing, and the parties having stipulated and agreed, IT IS HEREBY ORDERED as follows:

The Complaint filed in this matter by Plaintiff EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, and all claims against Defendants WESTERN COLLOID PRODUCTS INC., WESTERN COLLOID N.C., INC., GARY SCHOLTEN, DALE SCHOLTEN, and JUSTIN McDANIELS are hereby dismissed in their entirety, with prejudice. Each party is to bear their own attorney fees and costs, except as provided for in the Settlement Agreement executed by the Parties on February 25, 2020, a copy of which is attached hereto as "Exhibit A" and incorporated herein by reference.

The Court shall retain and have jurisdiction over the Parties with respect to disputes arising under the Settlement Agreement through April 10, 2022, the Termination Date of the Settlement Agreement. The Parties are to notify the Court if the Agreement terminates early.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 16, 2020

HONORABLE DONNA M. RYU
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

Hans W. Herb (SBN 136018)
LAW OFFICE OF HANS W. HERB
P.O. Box 970
Santa Rosa, CA 95402
Telephone: (707) 576-0757
Email: hans@tankman.com

Craig A. Brandt (SBN 133905)
LAW OFFICE OF CRAIG A. BRANDT
5354 James Avenue
Oakland, CA 94618
Telephone: (510) 601-1309
Email: craigabrandt@att.net

Xhavin Sinha (SBN 309340)
SINHA LAW
2445 Augustine Drive, Suite 150
Santa Clara, CA 95054
Telephone: (408) 791-0432
Email: xsinha@sinha-law.com

Attorneys for Plaintiff
EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC,

Plaintiff,

vs.

WESTERN COLLOID PRODUCTS, INC., a suspended California corporation; WESTERN COLLOID N.C., INC., a California corporation; GARY SCHOLTEN, an individual; DALE SCHOLTEN, an individual; and JUSTIN McDANIELS, an individual,

Defendants.

CASE NO. 4:19-CV-03995 DMR

**SETTLEMENT AGREEMENT**

(Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*)

Honorable Donna M. Ryu

WHEREAS, Eden Environmental Citizen's Group, LLC ("EDEN") is an environmental citizen's group organized under the laws of the State of California, dedicated to protect, enhance, and assist in the restoration of all rivers, creeks, streams, wetlands, vernal pools, and tributaries of California, and the United States;

WHEREAS, Western Colloid Product, Inc. and Western Colloid N.C., operate a facility that is an establishment engaged in the manufacturing of roofing and paving sealants, coatings, and other pavement maintenance products. The facility, with operations covered under Standard Industrial Classification Code (SIC)-2851, is located at 701 71st Avenue in Oakland, California ("Facility" or "Site"). The Facility is subject to various federal and state regulatory requirements, including compliance with the Federal Clean Water Act ("CWA") through the State Water Resources Control Board's General Industrial Activities Storm Water Permit, Order No. 2014-0057-DWQ, NPDES Permit NO. CAS000001, and any amendments thereto ("General Permit"). The Facility is covered under the General Permit under Waste Discharger Identification Number ("WDID") 2 01I017275;

WHEREAS, Gary Scholten is the President, Chief Executive Officer and Chief Financial Officer for both Western Colloid Products, Inc. and Western Colloid N.C., Inc.

WHEREAS, Dale Scholten is the corporate Secretary for both Western Colloid Products, Inc. and Western Colloid N.C., Inc.

WHEREAS, Justin McDaniels is the Operations Manager of and Legally Responsible Person for the Western Colloid Facility, according to the documents on file with the Regional Water Board.

WHEREAS, on May 11, 2019, EDEN served Western Colloid Products, Inc., Western Colloid N.C., Inc., Gary Scholten, Dale Scholten, and Justin McDaniels (collectively "Defendants"), with a 60-Day Notice of Violations and Intent to File Suit ("Notice Letter") alleging various violations of the CWA and the General Permit relating to activities at the Site;

WHEREAS, on or about July 11, 2019, EDEN filed its Complaint in U.S. District Court for the Northern District of California against collectively, Defendants, (Civil Action No. 4:19-CV-03995 DMR) ("Complaint");

WHEREAS, Defendants deny all allegations and claims contained in the Complaint and reserve all rights and defenses with respect to such allegations and claims;

WHEREAS, the Parties have expended effort and resources in investigating and evaluating allegations and claims set forth in the Notice Letters, including the exchange of information regarding the Sites, as well as engaging in negotiations regarding settlement;

WHEREAS, the Parties believe it is in their mutual interest and choose to resolve in full EDEN's allegations in the Notice Letters and Complaint through settlement and avoid the cost and uncertainties of further litigation;

WHEREAS, the Parties acknowledge that a suspended corporation cannot conduct any business or execute any contract or agreement, in exchange for the consideration outlined herein, the Parties agree that this Settlement Agreement shall apply to EDEN and the collective Defendants as named in the Complaint for purposes of mutual obligations and any associated release.

NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:

**TERMS AND CONDITIONS**

1. This Agreement, and each of its provisions, including all representations, warranties, and promises contained herein, binds, and inures to the benefit of EDEN, the Defendants, and each of their respective assigns, present and future operators, affiliates, parents, subsidiaries, predecessors, and successors in interest whether by merger, consolidation, or otherwise, as well as their respective representatives, agents, officers, and administrators, past, present, and future.

2. **Effective Date**. The "Effective Date" of this Agreement shall be the last day for the U.S. Department of Justice to provide comment, i.e., the 45th day following the U.S. Department of Justice's receipt of the Agreement.

3. **Term.** This Agreement shall continue in effect for two (2) years from the Effective Date of the Agreement (the "Term"), at which time the Agreement, and all obligations under it, shall automatically terminate, unless one of the parties has invoked Dispute Resolution in accordance with Section 15.

**ACTIONS TO BE TAKEN BY DEFENDANTS**

4. **Compliance with the General Permit**: Defendants agree to fully comply with the terms of the General Permit in accordance with applicable law.

///

///

5.     **Immediate Compliance Actions**: Defendants shall update its NOI to the appropriate corporation as designated in the SWPPP (Western Colloid N.C.), and remove the suspended corporation, Western Colloid Products, Inc.

Defendants shall engage a third party neutral Qualified Industrial Stormwater Practitioner ("QISP") of its choice. The third party neutral QISP shall collect and analyze storm water samples in accordance with both General Permit Attachment H, Storm Water Sample Collection and Handling Instructions and Section XI.B of the General Permit (incorporated herein). A Qualifying Storm Event ("QSE") is a precipitation event that produces a discharge for at least one drainage area; and is preceded by forty-eight (48) hours with no discharge from any drainage area. All collected samples from the Site are to be analyzed for the following parameters: Total Suspended Solids (TSS); Oil and Grease (O&G); pH; Ammonia; and Total Petroleum Hydrocarbons-Diesel. Defendants may also analyze samples for additional parameters that it or its QISP deems necessary as possible water pollutants. A report by the QISP with the sampling results will be sent to Defendants and EDEN concurrently.

6.     **Mitigation of Potential Exceedances**:  In the event that the sample analyses (laboratory reports) of Defendants' storm water samples referred to in Section 5, above, indicate results at or above any numeric action level (NAL) listed in Table 2 of the General Permit, (hereby incorporated by reference), Defendants agree to work with its designated QISP to review Defendants' housekeeping practices and BMPs and if necessary revise its SWPPP in order to reduce its tested pollutant parameters, and to provide training and consultation to achieve that objective.

7.     **Data Logging Automatic Rain Gauge Installation**: Within thirty (30) days of the Effective Date of this Agreement, Defendants shall purchase and install an automated rain gauge that logs data, at a location specified by the selected QISP. The raw data from the rain gauge shall be uploaded to SMARTS at the end of each month.

8.     **Submission of Additional Reports to EDEN**:  To the extent that annual or other monitoring reports are not otherwise uploaded to and made available on the State Water Resources Control Board's SMARTS database, Defendants agree to provide EDEN with a copy of any reports concerning industrial storm water matters addressed in this Agreement. Defendants may furnish copies

of any such reports to EDEN in either hard copy or digital form in accordance with Section 31.

9. **QISP Review**: During the Term of this Agreement, Defendants shall have a neutral third-party QISP of its choice review Best Management Practices ("BMPs") and each of the site procedures to ensure compliance with the General Permit. Defendants agree to provide EDEN with a copy of any reports generated by said QISP in the ordinary course of business within the Term of this Agreement.

10. **Training from a QISP**. Within one hundred twenty (120) days of the Effective Date of this Agreement, or in the first report issued by the selected QISP outlined in Section 9, whichever is sooner, said QISP shall send to EDEN confirmation that Defendants' personnel has undergone General Permit training in accordance with applicable law.

## MITIGATION FEES AND COSTS

11. **Reimbursement of Fees and Costs.** Defendants shall reimburse EDEN in the amount of Twenty-Five Thousand dollars ($25,000) to help cover EDEN's investigation, expert, and attorneys' fees and costs and all other reasonable costs incurred as a result of investigating the activities at the Facility, bringing these matters to the Defendant's attention, and negotiating a resolution of this action. Within thirty (30) days of the Effective Date, Defendants shall tender payment in the form of a certified or cashier's check made payable to "Craig A. Brandt Attorney Trust Fund," EDEN's financial attorney, and sent via overnight mail:

Craig A. Brandt
Law Office of Craig A. Brandt
5354 James Avenue
Oakland, CA 94618

12. **Environmental Mitigation Funding.** Defendant's insurance carrier, Markel, shall tender a check of Thirteen Thousand Dollars ($13,000.00), within thirty (30) days of the Effective Date, made payable to "Craig A. Brandt Attorney Trust Fund," EDEN's financial attorney. The Parties agree EDEN will forward the amount of Seven Thousand Dollars ($7,000.00) to the San Francisco Estuary Institute on behalf of Defendants as mitigation for the alleged violations set forth

in EDEN's 60-day Notice and Complaint, within thirty (30) days of receiving the check. The remaining funds of Six Thousand Dollars ($6,000.00) shall be distributed in accordance with Section 13 below.

Payment shall be made on behalf of Defendants to:

Jen Hunt
San Francisco Estuary Institute
4911 Central Avenue
Richmond, CA  94804
Direct Dial: (510) 746-7340
Email:  jennifer@sfei.org

13. **Compliance Monitoring Funding.** To defray EDEN's reasonable investigative, expert, consultant and attorneys' fees and costs associated with monitoring compliance with this Agreement, EDEN's financial counsel will maintain the Six Thousand Dollars ($6,000.00) referenced in Section 12 in a compliance monitoring fund. EDEN shall allocate Three Thousand Dollars ($3,000.00), for each of the two (2) Reporting Periods covered by this Agreement.

14. **Breach of Payment.** If any payment owed under this Agreement is not remitted or post-marked on or before its due date, EDEN shall provide written notice to Defendants; if Defendants fails to pay within five (5) business days of such notice, then all future payments due hereunder shall become immediately due and payable, with the prevailing federal funds rate applying to all interest accruing on unpaid balances due hereunder, beginning on the due date of the funds in default.

15. **Dispute Resolution.** If a dispute under this Agreement arises, or the parties believe that a breach of this Agreement has occurred, the Parties shall schedule a meet and confer within thirty (30) days of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Agreement has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute.  If the parties fail to meet and confer or the meet and confer does not resolve the issue, after at least seven (7) business days have passed after the meet

and confer occurred or should have occurred, either Party shall be entitled to all rights and remedies under the law, including bringing a motion before the United States District Court for the Northern District of California for the limited purpose of enforcing the terms of this Agreement.  The Parties shall be entitled to seek fees and costs incurred in any such action pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

**JURISDICTION OVER PARTIES AND SUBJECT MATTER OF AGREEMENT**

16.    **Jurisdiction.**  For the purposes of this Agreement, the Parties stipulate that the United States District Court of California, Northern District of California, has jurisdiction over the Parties and subject matter of this Agreement.  The Parties stipulate that venue is appropriate in the Northern District of California and that Defendants will not raise jurisdictional or venue-based challenges in the future in the event EDEN is required to bring any subsequent action or motion to enforce this Agreement pursuant to the Dispute Resolution procedures herein.  Defendants reserve all other rights and defenses in any such proceeding.

17.    **Notice of Settlement, Statutory Agency Review and Case Dismissal.**

a.    Within three (3) business days of receiving all the Parties' signatures to this Agreement, EDEN shall submit this Agreement to the U.S. Department of Justice ("DOJ") and EPA for agency review consistent with 40 C.F.R. § 135.5.  The agency review period expires forty-five (45) days after receipt by the DOJ, evidenced by correspondence from DOJ establishing the review period.

b.    Within seven (7) business days of the expiration of the 45-day agency review period described above, EDEN will dismiss the suspended corporation, Western Colloid Products, Inc.

c.    Within seven (7) days of the expiration of the 45-day agency review period described above, the Parties shall execute a joint Stipulation for Dismissal, and EDEN shall submit the same to the Court with a proposed Order.

d. The Stipulation for Dismissal shall provide that the Complaint and all claims against Defendants shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2); and that the Court shall retain and have jurisdiction over the Parties with respect to disputes arising under this Agreement, which shall be attached thereto and fully incorporated by reference. Nothing in this Agreement shall be construed as a waiver of any Party's right to appeal from an order that arises from a motion to enforce the terms of this Agreement.

**WAIVER AND RELEASES**

18. **EDEN's Waiver and Release of Noticed Parties**. EDEN, on its own behalf and on behalf of its officers, members (of the limited liability company and not volunteer members), directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns releases Defendants, its officers, directors, members, employees, parents, subsidiaries, affiliates, successors or assigns, agents, attorneys and other representatives from and waives all claims raised in the 60-Day Notices and/or the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed or which could have been claimed for matters included in the 60-Day Notices and/or the Complaint.

19. **Defendants and Release of EDEN**. Defendants, on its own behalf and on behalf of its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns release EDEN and its officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns from, and waive all claims which arise from or pertain to, the 60-Day Notices and/or the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters included in the 60-Day Notices and/or the Complaint.

**MISCELLANEOUS PROVISIONS**

20. **Execution in Counterparts**. The Agreement may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

21. **Signatures.** The Parties' signatures to this Agreement transmitted by facsimile or electronic mail transmission shall be deemed binding.

22. **Construction**. The language in all parts of this Agreement, unless otherwise stated, shall be construed according to its plain and ordinary meaning. The captions and section headings used in this Agreement are for reference only and shall not affect the construction of this Agreement.

23. **Authority to Sign**. The undersigned are authorized to execute this Agreement on behalf of their respective Party and have read, understood and agreed to all the terms and conditions of this Agreement.

24. **Integrated Agreement**. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Agreement are contained herein.

25. **Severability.** In the event that any of the provisions of this Agreement are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

26. **Choice of Law**. This Agreement shall be governed by the laws of the United States or, where applicable, the laws of the State of California.

27. **Full Settlement.** This Agreement constitutes a full and final settlement of this matter.

28. **Negotiated Agreement.** The Parties have negotiated this Agreement and agree that it shall not be construed against the party preparing it but shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party.

29. **Modification of the Agreement.** This Agreement, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by each of the Parties.

30. **Assignment**. Subject only to the express restrictions contained in this Agreement, all the rights, duties and obligations contained in this Agreement shall inure the benefit of and be binding upon the Parties, and their successors and assigns.

31. **Mailing of Documents to EDEN/Notices/Correspondences.** Any notices or documents required or provided for by this Agreement or related thereto that are to be provided to EDEN pursuant to this Agreement shall be, to the extent feasible, sent via electronic mail

transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

Hans W. Herb
Attorney at Law
P.O. Box 970
Santa Rosa, CA 95402
Telephone: (707) 576-0757
Email: hans@tankman.com

Unless requested otherwise by Defendants, any notice or documents required or provided for by this Agreement or related thereto that are to be provided to Defendants pursuant to this Agreement shall, to the extent feasible, be provided by electronic mail transmission to the e-mail address listed below or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the address below:

Western Colloid, N.C., Inc.
23401 Madero, Suite C,
Mission Viejo, CA 92691.

With a copy to:

Alex Giannetto, Esq.
Bremer Whyte Brown & O'Meara, LLP
501 West Broadway, Suite 1700
San Diego, CA 92101
Email: agiannetto@bremerwhyte.com
Telephone: 619.236.0048
Fax: 619.236.0047

32. **Impossibility of Performance.** No party shall be considered to be in default in the performance of any of its obligations under this Agreement when performance becomes impossible due to circumstances beyond the Party's control, including without limitation any act of God, act of war or terrorism, fire, earthquake, and flood. "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship, or inability to pay. Any Party seeking to rely upon this Section shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the impossibility of performance.

The Parties hereto enter into this Agreement on the terms set forth herein.

EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC

By: ______________________________ Dated: February 21, 2020
Aiden J. Sanchez
Managing Member

WESTERN COLLOID N.C., INCORPORATED, GARY SCHOLTEN, DALE SCHOLTEN, & JUSTIN McDANIELS

By: ______________________________ Dated: 2-22-2020
Gary Scholten
President, CEO

APPROVED AS TO FORM:

LAW OFFICE OF HANS W. HERB

By: ______________________________ Dated: February 21, 2020
Hans W. Herb
Attorney for EDEN

BREMER WHYTE BROWN & O'MEARA, LLP

By: ______________________________ Dated: February 25, 2020
Alex Giannetto
Attorneys for Defendants